UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Cause No. |
| SARAH LENOX, SAMANTHA LENOX, PAUL BURKS, JASON BURKS, RICHARD THOMAS, and SCHRADER FUNERAL HOME, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT IN INTERPLEADER**

COMES NOW Plaintiff Minnesota Life Insurance Company ("**Minnesota Life**") and for its Complaint in Interpleader states:

**Parties, Jurisdiction, and Venue**

1. Minnesota Life is duly authorized to do business in the State of Missouri and is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Therefore, Minnesota Life is a citizen of the State of Minnesota.

2. Upon information and belief, Defendant Sarah Lenox resides in Bourbon, Missouri, and is therefore a citizen of the State of Missouri.

3. Upon information and belief, Defendant Samantha Lenox resides in O'Fallon, Illinois, and is therefore a citizen of the State of Illinois.

4. Upon information and belief, Defendant Paul Burks resides in Catawissa, Missouri, and is therefore a citizen of the State of Missouri.

5. Upon information and belief, Defendant Jason Burks resides in Potosi, Missouri,

and is therefore a citizen of the State of Missouri.

6. Upon information and belief, Defendant Richard Thomas resides in Catawissa, Missouri, and is therefore a citizen of the State of Missouri.

7. Upon information and belief, Defendant Schrader Funeral Home, Inc. ("**Schrader**") is a Missouri corporation with its principal place of business in Ballwin, Missouri. Therefore, Schrader is a citizen of the State of Missouri.

8. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1335, in that the value of the policy of insurance exceeds $500; two or more adverse claimants are of diverse citizenship; and Minnesota Life intends to unconditionally tender the insurance funds upon order of the Court. Further, this is an interpleader action pursuant to Federal Rule of Civil Procedure 22.

9. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(3) because that is the judicial district wherein Sarah Lenox, Paul Burks, Jason Burks, Richard Thomas, and Schrader are subject to the Court's personal jurisdiction with respect to such actions because they reside within such judicial district.

## Action in Interpleader

10. Minnesota Life issued a group insurance policy on behalf of Spire Services Inc. (formerly Laclede Gas Company) under plan sponsor number 33323-G (the "**Policy**"). A true and accurate copy of the relevant portions of the Policy is attached as **Exhibit A.**

11. Ronald Lenox (the "**Insured**") was an employee of Spire and had life insurance coverage under the Policy.

12. On August 1, 2005, the Insured designated his then-wife, Julie Lenox (the "**Beneficiary**"), as his primary beneficiary, and his nephew, Bruce Slankard, as a contingent

beneficiary. A true and accurate copy of the Beneficiary Designation Form is attached as **Exhibit B**.

13. The Insured passed away on June 14, 2022. A copy of the Certificate of Death is attached as **Exhibit C.**

14. The Beneficiary passed away on August 3, 2022. A copy of the Certificate of Death is attached as **Exhibit D**.

15. Upon the Insured's death, life benefits in the amount of $16,098.80 (the "**Proceeds**") became payable under the Policy to the proper beneficiary or beneficiaries.

16. The Insured and the Beneficiary divorced on November 7, 2018.

17. Following her divorce from the Insured, the Beneficiary married Richard Thomas, and she thereafter changed her name to Julie Thomas.

18. On July 16, 2022, the Beneficiary assigned $8,294.55 of the proceeds of the Policy to Schrader. A true and accurate copy of the Assignment is attached hereto as **Exhibit E**.

19. The Policy was issued pursuant to an employee benefit plan and is therefore governed by the Employee Retirement Income Security Act of 1974 ("**ERISA**").

20. Because ERISA preempts state statutes dictating revocation upon divorce, the plan documents, not the Missouri revocation statute, control the distribution of the Policy's proceeds. *See Matschiner v. Hartford Life and Acc. Ins. Co.*, 622 F.3d 885, 889 (8th Cir. 2010).

21. The Policy states: "We will pay the death benefit to the beneficiary or beneficiaries. A beneficiary is named by an insured to receive to death benefit to be paid at the insured's death. . . To received the death benefit, a beneficiary must be living on the date of the insured's death." **Exhibit A at 9**.

22. The Beneficiary was living on the date of the Insured's death, but the Beneficiary

died before the proceeds of the Policy were paid to her by Minnesota Life.

23. Accordingly, Minnesota Life believes that a viable claim for all or some of the Policy's proceeds may be made by the Beneficiary's estate or heirs.

24. Upon information and belief, an estate has not been opened for the Beneficiary, and the time for opening such an estate has passed.

25. Upon information and belief, the Beneficiary's heirs are her husband, Richard Thomas; and her natural children, Sarah Lenox, Samantha Lenox, Paul Burks, and Jason Burks.

26. Sarah Lenox has made a claim for 100 percent of the proceeds payable under the Policy and threatened legal action against Minnesota Life. A true and accurate copy of the claim form submitted by Sarah Lenox and the associated correspondence is attached as **Exhibit F**.

27. Minnesota Life has inquired of the defendants on multiple occasions whether an agreement can be reached with respect to the disbursement of the proceeds, but has been unsuccessful in reaching an agreement.

28. The claims and potential claims of Sarah Lenox, Samantha Lenox, Paul Burks, Jason Burks, Richard Thomas, and Schrader are adverse and competing.

29. Minnesota Life has no interest in the proceeds payable under the Policy and is merely an innocent stakeholder wishing to discharge its obligations under the Policy and deliver the proceeds of the Policy to the party or parties entitled to receive them.

30. Minnesota Life is ready, willing, and able to pay the proceeds of the Policy to the party or parties entitled to receive them. Accordingly, Minnesota Life unconditionally tenders and offers to deposit with the Court, or as this Court otherwise directs, the proceeds of the Policy, plus any applicable interest.

31. Until this Court rules on the issue of the manner in which the proceeds of the Policy

should be distributed, Minnesota Life cannot safely determine the proper recipient of the proceeds without risking exposure to double, multiple, or inconsistent liabilities.

32. Minnesota Life is a disinterested stakeholder and is entitled to recover its costs and reasonable attorney fees incurred in bringing this instant action.

WHEREFORE, Minnesota Life prays for a judgment:

a. Permitting Minnesota Life to deposit the death benefits payable under the Policy, plus any applicable interest, into the Registry of this Court, or as this Court otherwise directs, in full and final satisfaction of Minnesota Life's obligations under the Policy, to be subject to the Order of this Court and to be paid out as the Court shall direct;

b. Restraining each of the Defendants by Order and Injunction of this Court from instituting any action against Minnesota Life for recovery of the proceeds of the Policy payable by reason of the death of the Insured;

c. Requiring each of the defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject proceeds in this action;

d. Discharging Minnesota Life from any further liability upon payment of the aforementioned proceeds into the Registry of this Court, or as otherwise directed by the Court;

e. Awarding Minnesota Life its costs and attorney fees incurred in connection with bringing this action and ordering that such costs and attorney fees be paid out of the proceeds of the Policy prior to distribution to the party or parties adjudged to be entitled to the proceeds; and

f. Awarding Minnesota Life such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP


By: _____
Clark H. Cole                    #MO28668
Emily L. Goeke                   #MO71897
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070 (phone)
(314) 621-5065 (facsimile)
ccole@armstrongteasdale.com
egoeke@armstrongteasdale.com

*Attorneys for Plaintiff Minnesota Life Insurance Company.*